IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PHIL J.,[1] | ) |
|       Plaintiff, | ) |
|   v. | ) No. 20 C 793 |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security,[2] | ) Magistrate Judge Maria Valdez |
|       Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Phil J.'s claim for Supplemental Security Income ("SSI"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion to reverse the Commissioner's decision [Doc. No. 15] is granted in part and denied in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 17] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by his first name and the first initial of his last name.

[2] Kilolo Kijakazi has been substituted for her predecessor pursuant to Federal Rule of Civil Procedure 25(d).

# BACKGROUND

## I. PROCEDURAL HISTORY

On May 7, 2014, Plaintiff filed a claim for SSI. The claim was denied initially and upon reconsideration, and was again denied following a hearing before an Administrative Law Judge ("ALJ"). Plaintiff filed a complaint in this Court challenging the ALJ's decision, and, pursuant to the parties' agreed motion for reversal with remand for further administrative proceedings, the Court remanded the Commissioner's decision on January 4, 2019.

A second hearing before the ALJ was held on September 11, 2019. Plaintiff personally appeared and testified at the hearing and was represented by counsel. A medical expert ("ME") and vocational expert ("VE") also testified. On October 7, 2019, the ALJ issued a partially favorable decision, finding Plaintiff disabled under the Social Security Act as of March 16, 2019 (the day Plaintiff turned 55), but not disabled for the period between the amended alleged onset date of August 31, 2015 and March 15, 2019. In this action, Plaintiff seeks review of the ALJ's October 7, 2019 decision, which is the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

## II. ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in

substantial gainful activity since the application date of May 7, 2014. At step two, the ALJ concluded that Plaintiff had the following severe impairments: degenerative joint disease of the right shoulder; obesity; chronic obstructive pulmonary disease; obstructive sleep apnea; coronary artery disease; hypertension; cataract of the left eye; depression with psychotic features; and alcohol use disorder. The ALJ concluded at step three that Plaintiff's impairments, alone or in combination, do not meet or medically equal a Listing.

Before step four, the ALJ determined that Plaintiff retained the Residual Functional Capacity ("RFC") to perform light work with the following additional limitations: can frequently climb ramps, stairs, ladders, ropes, and scaffolds; can frequently balance, stoop, kneel, crouch, and crawl; must avoid concentrated exposure to fumes, odors, gases, and poor ventilation; must avoid concentrated exposure to extreme heat and cold defined as greater than 80 degrees Fahrenheit and less than 32 degrees Fahrenheit; can never be exposed to hazardous machinery or unprotected heights; can frequently reach with his right upper extremity; can perform simple and routine tasks; can have no fast-paced production requirements; can have brief and superficial contact with co-workers and the general public; can have occasional interactions with supervisors; can make simple work-related decisions; can tolerate few if any changes in the work setting; can frequently use color vision; can frequently use near or far acuity; and can occasionally use accommodative vision, use field of vision, and use depth perception.

At step four, the ALJ concluded that Plaintiff had no relevant past work. At step five, based upon the VE's testimony and Plaintiff's age, education, work experience and RFC, the ALJ found that Plaintiff could have performed jobs existing in significant numbers in the national economy between August 31, 2015 (the amended alleged onset date) and March 16, 2019 (the date Plaintiff's age category changed), leading to a finding that Plaintiff was not disabled under the Social Security Act for that time period. However, the ALJ found that beginning on March 16, 2019, the date Plaintiff's age category changed, there are no jobs that exist in significant numbers in the national economy that Plaintiff could perform, leading to a finding that Plaintiff became disabled as of March 16, 2019.

## DISCUSSION

### I. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform his former

4

occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II. JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and

means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

However, even under this relatively lenient standard, an ALJ is not absolved of her duty to support the decision with record evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a plaintiff, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately

6

articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

### III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) the ALJ erred in weighing the medical opinion evidence; (2) the ALJ did not build an accurate and logical bridge from the evidence to his physical RFC assessment; and (3) the ALJ erred in his evaluation of Plaintiff's symptoms.

Pertinent to Plaintiff's first and second arguments, with respect to Plaintiff's vision, the ALJ noted that Plaintiff's treating physician, Dr. Afzal Ahmad, had concluded as of September 24, 2017 that Plaintiff "could <u>never</u> use depth perception, accommodation or field of vision." (R. 1699 (emphasis added).) The ALJ further noted that "Dr. Ahmad is a treating provider and has a treatment history with the claimant [and] has personally examined the claimant and is familiar with [his] symptoms and course of treatment." (*Id.*) Nonetheless, without any specific analysis, the ALJ stated that he gave "little weight . . . to Dr. Ahmad's statement that the claimant can never use depth perception, accommodation or field of vision,

7

as the evidence supports [that] the claimant could occasionally use depth perception, accommodation or field of vision." The ALJ ultimately concluded that Plaintiff had the residual functional capacity to "occasionally use accommodative vision, use field of vision and use depth perception." (*Id.* at 1694.)

The Court finds that the ALJ failed to build the requisite logical bridge from the evidence to his conclusion that Plaintiff could occasionally use accommodative vision, field of vision, and depth perception. Though the ALJ vaguely asserted that "the evidence" supported his conclusion, he provided absolutely no elaboration on what that evidence was nor how it trumped Dr. Ahmad's contrary opinion. *See Zenka v. Astrue*, 904 F. Supp. 2d 884, 898 (N.D. Ill. 2012) ("Here, the ALJ did not articulate how the ophthalmologist's opinion and Plaintiff's testimony about Plaintiff's depth perception were factored into her assessment. The ALJ thus failed to build a logical bridge between the evidence and her conclusion that Plaintiff could 'occasionally perform activities that require . . . depth perception.'") (citation omitted). The ALJ's failure in that regard was not harmless, as the VE testified that the three jobs she identified could not be performed by an individual who could never use depth perception, accommodative vision, or field of vision. *See id.* ("[T]he ALJ's failure to build a 'logical bridge' was not harmless error, and the ALJ's conclusion that Plaintiff could perform jobs requiring occasional depth perception is remanded. On remand, the ALJ should consider the entire record, including Plaintiff's testimony, in the RFC assessment. If the ALJ does find that Plaintiff can occasionally perform activities requiring depth perception, she needs to explain how

8

she arrived at that conclusion.") (citation omitted). Accordingly, the Court holds that the ALJ's determination that Plaintiff was not disabled for the time period between August 31, 2015 and March 16, 2019 must be remanded.

Based on its conclusion that remand is necessary for the above reasons, the Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes that the Commissioner should not assume these issues were omitted from the opinion because no error was found. Indeed, the Court admonishes the Commissioner that, on remand, special care should be taken to ensure that all of the medical opinions are appropriately weighed, the RFC finding is properly supported, the impact of Plaintiff's obesity is fully considered, and Plaintiff's symptoms are properly evaluated.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to reverse the Commissioner's decision [Doc. No. 15] is granted in part and denied in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 17] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**  **ENTERED:**

*Maria Valdez*

**DATE:     October 1, 2021**     _____

　　　　　　　　　　　　　　　　　　**HON. MARIA VALDEZ**
　　　　　　　　　　　　　　　　　　**United States Magistrate Judge**